IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JOHN WOLCOTT,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff hereby sues Defendant and alleges as follows:

**JURISDICTIONAL AND PRELIMINARY ALLEGATIONS**

1. The Plaintiff, JOHN WOLCOTT, is a citizen and resident of the state of Washington and is otherwise *sui juris*.

2. Defendant, NCL (BAHAMAS) LTD., is a foreign entity incorporated under the laws of Bermuda with its principal place of business in Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

  c. Operated vessels in the waters of this state;

  d. Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 and/or 48.193;

  e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.;

  f. Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard their vessels.

5. Defendant is subject to the jurisdiction of the Courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## PRELIMINARY ALLEGATIONS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Norwegian Bliss* (the "vessel").

8. At all times material hereto, Defendant had exclusive custody and control of the vessel

9. At all times material, Plaintiff was a paying passenger and lawfully aboard the vessel, which was in navigable waters.

10. Defendant directly participated in and approved of the designs and layouts for the interior areas of the subject vessel, including the stateroom cabins and stateroom restrooms.

11. Defendant established internal standards for the use and selection of materials for various areas aboard its ships, including the subject vessel. The internal standards included standards for changes in elevation including but not limited to internal standards for the placements of warnings and caution signs. Upon information and belief, these internal standards were created and/or approved of by Defendant.

12. Defendant is aware that many accidents occur from falls on changes of elevation,

requiring adequate handrails, nosing, lighting, and warnings to alert passengers of the change in elevation.

13. Defendant is aware that failure to properly alert passengers to changes in elevation creates a hazardous condition if not executed properly, and leads to more injuries, and has therefore developed detailed rules, policies, and procedures (SMS policies and procedures) for these purposes, to minimize the risk of the very injury suffered by Plaintiff as alleged.

14. On or about October 21, 2024, the Plaintiff boarded the subject vessel, *Norwegian Bliss*.

15. On October 21, 2024, once back at his stateroom (13780), the Plaintiff attempted to use the restroom when he tripped over an elevated threshold/step located between the stateroom and the bathroom. There were not adequate warnings or cues to alert him to the presence of the step, rendering it unapparent, hidden, and hazardous. As a result of this dangerous and defective condition, the Plaintiff fell and suffered serious bodily injury.

16. The step/threshold was raised multiple inches off the ground in a place where one would not expect a step/threshold to be and there were not adequate warnings or other visual cues on the step and/or threshold to alert the Plaintiff of its existence.

17. The poorly designed, unreasonably dangerous, and defective condition(s) of the subject area was not open and obvious, there were no adequate warnings, and Plaintiff had no reasonable way of knowing the existence of such condition(s).

18. The subject area constituted a dangerous condition for reasons that include, but are not limited to, the presence of a raised or elevated threshold and the lack of proper warning and/or visual cues to indicate to passengers, including the Plaintiff, that there was a change

in elevation.

19. Prior to the subject incident, Defendant knew or should have known of the dangerous condition(s) outlined above for reasons that include, but were not limited to:

    a. Prior to and/or at the time of Plaintiff's incident, a small, inconspicuous warning sign near the bathroom door, which reads something along the lines of "watch your step," indicates that Defendant was aware of the hazard. However, the warning was not adequate or prominent enough to effectively alert the Plaintiff to the presence of the raised threshold. The threshold itself was a permanent fixture, installed or maintained by Defendant, and its presence was known or should have been known to crew and maintenance personnel.

    b. Defendant was on notice of the dangerous condition posed by the elevated threshold in the stateroom bathroom. Defendant's employees are responsible for cleaning and maintaining the staterooms prior to and during the cruise, which would have made them aware of the presence of the raised threshold. The threshold was a permanent fixture, installed or maintained by Defendant, and its presence was known or should have been known to crew and maintenance personnel.

20. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them. This knowledge was or should have been acquired through Defendant's maintenance, inspection, and/or supervision of the subject cabin room and/or through prior incidents

involving same and/or similar falls due to changes in elevation. *See*

    A. *Cluts v. NCL (Bahamas) Ltd.,* case no.: 25-cv-24464-CMA (In a prior incident aboard the Norwegian *Bliss*, plaintiff was injured when she tripped and fell over a raised threshold at the entrance of her stateroom bathroom. In the present case, Plaintiff similarly tripped and fell over an elevated step located at the entryway to the stateroom restroom. Under these circumstances, it was reasonably foreseeable to Defendant that guests could encounter dangerous conditions due to inadequately marked raised thresholds, as Plaintiff did here).

    B. *Clark v. NCL (Bahamas) Ltd.,* case no.: 25-cv-20244-KMM (In a prior incident aboard the Norwegian *Bliss*, plaintiff was injured when she tripped and fell over a raised threshold at the entrance of her stateroom bathroom. In the present case, Plaintiff similarly tripped and fell over an elevated step located at the entryway to the stateroom restroom. Under these circumstances, it was reasonably foreseeable to Defendant that guests could encounter dangerous conditions due to inadequately marked raised thresholds, as Plaintiff did here).

    C. *Perez v. NCL (Bahamas) Ltd.*, case no.: 24-cv-21501-RAR (In a prior incident aboard the *Norwegian Bliss*, plaintiff was injured when she tripped and fell over a raised threshold at the entrance of her stateroom bathroom. In the present case, Plaintiff similarly tripped and fell over an elevated step located at the entryway to the stateroom restroom. Under these circumstances, it was reasonably foreseeable to Defendant that guests could encounter dangerous conditions due to inadequately marked raised thresholds, as Plaintiff did here);

    D. *Stevanovski v. NCL (Bahamas) Ltd.*, case no: 23-cv-24669-PCH (In a prior

incident aboard the *Norwegian Breakaway*, plaintiff was injured when he tripped and fell over a raised threshold at the entrance to his stateroom bathroom. In the present case, Plaintiff similarly encountered an elevated step at the bathroom entryway, which was not properly marked or illuminated. Under these circumstances, it was reasonably foreseeable to Defendant that guests could encounter hazardous conditions posed by raised or uneven flooring within their staterooms, particularly when combined with inadequate warnings, as Plaintiff did here);

E. *Bendavid v. NCL (Bahamas) Ltd.*, case no: 24-cv-21917-RKA (In a prior incident aboard the Norwegian *Breakaway*, plaintiff was injured when she tripped and fell over a raised threshold at the entrance to his stateroom bathroom. In the present case, Plaintiff similarly encountered an elevated step at the bathroom entryway, which was not properly marked or illuminated. Under these circumstances, it was reasonably foreseeable to Defendant that guests could encounter hazardous conditions posed by raised or uneven flooring within their staterooms, particularly when combined with inadequate warnings, as Plaintiff did here).

F. Under the aforementioned circumstances, it was reasonably foreseeable to Defendant that guests would become injured from tripping and falling on an unreasonably high thresholds from the stateroom to the bathroom within. The aforementioned prior incidents occurred over a period of years prior to and including Plaintiff's subject incident. Thus, the Defendant did not comply with the International Maritime Organization standards and requirements to comply

6

      with Safety of Life at Sea standards (SOLAS) to identify hazards aboard Defendant's ships and work to correct the hazards within a reasonable period of time.

21. As a result of the negligence of Defendant and its actions and failures to provide Plaintiff with a reasonably safe place to walk, Plaintiff fell causing serious bodily injuries.

**COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT**

Plaintiff re-alleges adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-one (21) as though alleged originally herein.

22. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

23. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to be.

24. On or about October 21, 2024, the Plaintiff was in his stateroom aboard the vessel, which is a place that the Plaintiff is invited to be, and a place Defendant reasonably expected the Plaintiff to be during the cruise.

25. On or about October 21, 2024, Defendant and/or its agents, servants, and/or employees breached its duty to warn Plaintiff through the following acts and/or omissions:

   a. Failure to adequately warn the Plaintiff of the dangerous and defective condition(s) of the subject area;

   b. Failure to adequately warn the Plaintiff of the poorly designed condition of the subject area;

   c. Failure to adequately warn the Plaintiff of hazards in his stateroom, including but not limited to a raised threshold that is multiple inches high, that lacked adequate

7

      visual cues, in the middle of the doorway to the restroom;

  d. Failure to warn the Plaintiff of the danger of walking through doorways in the subject area where inconspicuous step(s) may cause injury;

  e. Failure to adequately warn the Plaintiff of the hazard(s) posed to him, due to improper and inadequate, maintenance and/or inspection of the subject area;

  f. Failure to adequately warn the Plaintiff of similar fall accidents/incidents previously occurring on the same or similar type threshold/step in stateroom restrooms.

  g. Any other acts or omissions which are revealed through discovery.

26. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff's incident would not have occurred had Defendant, its agents, servants, and/or employees adequately warned and/or communicated the foregoing to Plaintiff.

27. At all times material hereto, the subject area was poorly designed, unreasonably dangerous, and/or defective in nature.

28. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to correct and/or warn Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance and/or inspections of the subject area and/or through prior incident(s) involving same and/or similar falls due to changes in elevation *See Cluts v. NCL (Bahamas) Ltd.,* case no.: 25-cv-24464-CMA (trip and fall on raised threshold/step at entrance of stateroom restroom aboard the *Norwegian Bliss)*; *Clark v. NCL*

*(Bahamas) Ltd.,* case no.: 25-cv-20244-KMM (trip and fall on raised threshold/step at entrance of stateroom restroom aboard the *Norwegian Bliss*); *Perez v. NCL (Bahamas) Ltd.*, case no.: 24-cv-21501-RAR (trip and fall on raised threshold/step at entrance of stateroom restroom aboard the *Norwegian Bliss*); *Stevanovski v. NCL (Bahamas) Ltd.*, case no: 23-cv-24669-PCH (trip and fall on raised threshold/step at entrance of stateroom restroom aboard the *Norwegian Breakaway*); *Bendavid v. NCL (Bahamas) Ltd.*, case no: 24-cv-21917-RKA (trip and fall on raised threshold/step at entrance of stateroom restroom aboard the *Norwegian Breakaway*).

29. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, impairment to future earnings, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE,** the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT

Plaintiff re-alleges adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-one (21) as though alleged originally herein.

30. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

31. At all times material hereto, it was the duty of Defendant to maintain the subject area in a reasonably safe condition.

32. On or about October 21, 2024, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

    a. Failure to adequately maintain the subject area in a reasonably safe manner;

    b. Failure to adequately maintain the subject area so that it would be free of dangerous and defective condition(s);

    c. Failure to adequately maintain the subject area so that it would be free of tripping hazard(s) and/or poorly marked and/or hidden threshold/steps;

    d. Failure to adequately inspect and/or maintain the subject area in a reasonably safe condition including but not limited to the placement of adequate signage and/or visual cue;

    e. Failure to maintain the subject area in a reasonably safe condition in light of anticipated passenger use;

    f. Failure to correct hazardous conditions following prior similar incidents on the same type threshold/step in stateroom restrooms

    g. Failure to eliminate and/or modify the hazards which caused the Plaintiff to suffer his incident.

    h. Any other acts or omissions which are revealed through discovery.

33. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately maintain, inspect and monitor the subject area.

34. At all times material hereto, the subject area was poorly designed, unreasonably dangerous, and defective in nature.

35. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to correct and/or warn Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant,

in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance and/or inspections of the subject area and/or through prior incident(s) involving same and/or similar falls due to changes in elevation. *See Cluts v. NCL (Bahamas) Ltd.,* case no.: 25-cv-24464-CMA (trip and fall on raised threshold/step at entrance of stateroom restroom aboard the *Norwegian Bliss*); *Clark v. NCL (Bahamas) Ltd.,* case no.: 25-cv-20244-KMM (trip and fall on raised threshold/step at entrance of stateroom restroom aboard the *Norwegian Bliss*); *Perez v. NCL (Bahamas) Ltd.*, case no.: 24-cv-21501-RAR (trip and fall on raised threshold/step at entrance of stateroom restroom aboard the *Norwegian Bliss*); *Stevanovski v. NCL (Bahamas) Ltd.*, case no: 23-cv-24669-PCH (trip and fall on raised threshold/step at entrance of stateroom restroom aboard the *Norwegian Breakaway*); *Bendavid v. NCL (Bahamas) Ltd.*, case no: 24-cv-21917-RKA (trip and fall on raised threshold/step at entrance of stateroom restroom aboard the *Norwegian Breakaway*).

36. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, impairment to future earnings, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT III – NEGLIGENT DESIGN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-one (21) as though alleged originally herein.

37. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

38. At all times material hereto, Defendant was substantially involved in the design on the subject room, including the subject threshold.

39. On or about October 21, 2024, Defendant and/or its agents, servants and/or employees breached its duty through the following ways:

   a. Failure to adequately select, install, and/or approve of a reasonably safe threshold design at the entrance of the stateroom bathroom so that it was safe for passengers like Plaintiff to traverse under normal conditions;

   b. Failure to adequately design, install, and/or approve of a threshold that was properly marked, illuminated, or contrasted with the surrounding flooring to make it readily visible to passengers;

   c. Failure to adequately design, select, and/or approve of a stateroom layout that minimized tripping hazards and provided passengers with a reasonably safe means of entry into the bathroom;

   d. Other acts and/or omissions which are revealed through discovery.

40. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately design, select, and/or approve reasonable safe flooring surface for passenger use in the subject area.

41. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to inspect and/or maintain the subject area, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them.  This knowledge was or should have been acquired through Defendant's set up, maintenance, inspection and/or supervision of the subject area and/or through prior incidents involving same and/or similar falls due to changes in elevation. *See Cluts v. NCL (Bahamas) Ltd.,* case no.: 25-cv-24464-CMA (trip and fall on raised threshold/step at entrance of stateroom restroom aboard the *Norwegian Bliss)*; *Clark v. NCL (Bahamas) Ltd.,* case no.: 25-cv-20244-KMM (trip and fall on raised threshold/step at entrance of stateroom restroom aboard the *Norwegian Bliss*); *Perez v. NCL (Bahamas) Ltd.*, case no.: 24-cv-21501-RAR (trip and fall on raised threshold/step at entrance of stateroom restroom aboard the *Norwegian Bliss*); *Stevanovski v. NCL (Bahamas) Ltd.*, case no: 23-cv-24669-PCH (trip and fall on raised threshold/step at entrance of stateroom restroom aboard the *Norwegian Breakaway*); *Bendavid v. NCL (Bahamas) Ltd.*, case no: 24-cv-21917-RKA (trip and fall on raised threshold/step at entrance of stateroom restroom aboard the *Norwegian Breakaway*).
42. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and loss of future earning capacity. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments

in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from his incident are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands a trial by jury, as well as any further relief as this Court deems just and appropriate.

## **COUNT IV – GENERAL NEGLIGENCE AGAINST THE DEFENDANT**

Plaintiff re-alleges and adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-one (21) as though alleged originally herein.

43. At all times material it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

44. On or about October 21, 2024, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

45. Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants and/or employees as follows:

   a. Failure to provide the Plaintiff with reasonable care under the circumstances, including a safe place to walk free of tripping hazards;

   b. Failure to provide reasonably safe walkways in areas where passengers do not expect thresholds/steps to be;

   c. Failure to eliminate, modify and/or correct the unreasonably dangerous, defective condition(s) and tripping hazard(s) in the subject area;

   d. Failure to ensure the subject area was free of dangerous and defective conditions(s), including tripping hazard(s)

   e. Failure to promulgate and enforce adequate policies and procedures aimed at ensuring that the dangerous, defective condition(s) and tripping hazard(s) which caused Plaintiff's incident would be discovered and corrected;

  f. Failure to analyze prior trip and fall accidents aboard Defendant's vessels occurring in the same manner and/or area so as to remedy such dangerous and/or hazardous conditions; and/or

  g. Any other acts or omissions which are revealed through discovery.

46. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

47. At all times material hereto, the subject area was poorly designed and unreasonably dangerous in nature.

48. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to correct and/or warn Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance and/or inspections of the subject area and/or through prior incident(s) involving same and/or similar falls due to changes in elevation. *See Cluts v. NCL (Bahamas) Ltd.,* case no.: 25-cv-24464-CMA (trip and fall on raised threshold/step at entrance of stateroom restroom aboard the *Norwegian Bliss*); *Clark v. NCL (Bahamas) Ltd.,* case no.: 25-cv-20244-KMM (trip and fall on raised threshold/step at entrance of stateroom restroom aboard the *Norwegian Bliss*); *Perez v. NCL (Bahamas) Ltd.*, case no.: 24-cv-21501-RAR (trip and fall on raised threshold/step at entrance of stateroom restroom aboard the *Norwegian Bliss*); *Stevanovski v. NCL (Bahamas) Ltd.*, case no: 23-cv-24669-PCH (trip and fall on raised threshold/step at entrance of

stateroom restroom aboard the *Norwegian Breakaway*); *Bendavid v. NCL (Bahamas) Ltd.*, case no: 24-cv-21917-RKA (trip and fall on raised threshold/step at entrance of stateroom restroom aboard the *Norwegian Breakaway*).

49. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, impairment to future earnings, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Nicolas H. Lipcon*
NICOLAS H. LIPCON
Florida Bar No. 1058833
nlipcon@lipcon.com